**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DAVID DOYLE** | * | **CIVIL ACTION NO. 15-01213** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE NANNETTE BROWN** |
| | * | |
| **TIDEWATER INC., GALLIANO** | * | |
| **MARINE SERVICE, LLC AND** | * | **MAGISTRATE MICHAEL NORTH** |
| **OFFSHORE SERVICE VESSELS, LLC** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**<u>TIDEWATER INC.'S MEMORANDUM IN OPPOSITION</u>**
**<u>TO PLAINTIFF'S MOTION TO REMAND</u>**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Respectfully submitted,
MAHTOOK & LAFLEUR

_____*s/Kay A. Theunissen*_____
CLIFFE E. LABORDE III - #08062
KAY A. THEUNISSEN - #17448
MARC J. MANDICH - #35402
1000 Chase Tower
600 Jefferson Street
Lafayette, Louisiana  70502
Post Office Box 3089
Phone:  (337) 266-2189
Fax: (337) 266-2303
Attorneys for Defendant,
Tidewater Inc.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| DAVID DOYLE | * | CIVIL ACTION NO. 15-01213 |
| | * | |
| | * | |
| VERSUS | * | JUDGE NANNETTE BROWN |
| | * | |
| TIDEWATER INC., GALLIANO | * | |
| MARINE SERVICE, LLC AND | * | MAGISTRATE MICHAEL NORTH |
| OFFSHORE SERVICE VESSELS, LLC | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## TABLE OF AUTHORITIES

## CASES

*Aaron v. Phillips 66 Co.*, 2015 WL 575358 (E.D. La. 2015) . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 14

*Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . 7

*Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013) . . . . . . . . . . . . . . . . . . . . 7, 11

*Bd. of Comm'rs of the Se. Louisiana Flood Prot. Auth. E. v. Tennessee Gas Pipeline Co., LLC*, 29 F. Supp. 3d 808 (E.D. La. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bridges v. Phillips 66 Company* No. CIV.A. 13-477-JJB, 2013 WL 6092803 (M.D. La. Nov. 19, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*In re Dutile*, 935 F.2d 61 (5th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 8, 10

*Madruga v. Superior Court*, 346 U.S. 556 (1954) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Morris v. T E Marine Corp.*, 344 F.3d 439 (5th Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Pan. R.R. v. Johnson*, 264 U.S. 375 (1924) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . 7, 11

*Powell v. Offshore Nav., Inc.*, 644 F.2d 1063 (5th Cir. 1981) . . . . . . . . . . . . . . . . . . . . . 2, 16

*Red Cross Line v. Atl. Fruit Co.*, 264 U.S. 109 (1924) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

i

*Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354 (1959) . . . . . . . . . . . . . . . . 5, 6, 7, 8, 10,

*Ryan v. Hercules Offshore, Incorporated*, 945 F.Supp. 2d 772
    (S.D. Tex. 5/13/13) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7, 8, 9, 10

*Tenn. Gas Pipeline v. Hous. Cas. Ins.,* 87 F.3d 150 (5th Cir. 1996) . . . . . . . . . . . . . . . . . . . 7, 11

*The Belfast*, 74 U.S. 624 (1869) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 12

*The Moses Taylor*, 71 U.S. 411 (1867) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

*Wells v. Abe's Boat Rentals*, Incorporated No. Civ. A. H-13-1112, 2013 WL 3110322,
    (S.D. Tex. June 18, 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Rules, Statutes and Constitutional Provisions**

Fed. R. Civ. P. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Fed. R. Civ. P. 38(e) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Fed. R. Civ. P. 9(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

28 U.S.C. §1441 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4, 5, 6, 7, 8, 9, 10, 11, 14, 15, 16, 17

46 U.S.C. § 30101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

28 U.S.C. §1331 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 4, 6, 16, 17

28 U.S.C. §1333 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 5, 6, 7, 8, 9

28 U.S.C. §1332(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 9

46 U.S.C. § 688 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 16

28 U.S.C. §1445(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

46 U.S.C. § 30104 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Article III, § 2 of the United States Constitution . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

**Learned Treatises**

14A Charles Alan Wright, Arthur R. Miller & Edward H Cooper,
   *Federal Practice & Procedure,* § 3674 (4th ed. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Kenneth G. Engerrand, *Removal and Remand of Admiralty Suits,*
   21 Tul. Mar. L. J. 383 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 10

Kenneth G. Engerrand, *Admiralty Jury Trials Reconsidered*,
   12 Loy. Mar. L.J. 73 (2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

Steven F. Friedell, The Disappearing Act: *Removal Jurisdiction of an Admiralty Claim,*
   30 Tul. Mar. L.J. 75 (2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Thomas J. Schoenbaum, *Admiralty and Maritime Law,* § 2-5 (5th ed. 2012) . . . . . . . . . . . . . 10

**Legislative History**

H.R. REP. 112-10, H.R. Rep. No. 10, 112th Cong., 1st Sess. 2011, 2011 WL 484052,
   2011 U.S.C.C.A.N. 576 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DAVID DOYLE** | * | **CIVIL ACTION NO. 15-01213** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE NANNETTE BROWN** |
| | * | |
| **TIDEWATER INC., GALLIANO** | * | |
| **MARINE SERVICE, LLC AND** | * | **MAGISTRATE MICHAEL NORTH** |
| **OFFSHORE SERVICE VESSELS, LLC** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## TABLE OF CONTENTS

I.   REMOVAL STANDARD  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

II.  PLAINTIFF'S GENERAL MARITIME CLAIM AGAINST TIDEWATER
     STANDING ALONE, IS SUBJECT TO REMOVAL . . . . . . . . . . . . . . . . . . . . . . . . . 5

III. THE INCLUSION OF JONES ACT CLAIM AGAINST OTHER DEFENDANTS
     BESIDES TIDEWATER DOES NOT NEGATE TIDEWATER
     RIGHT TO REMOVAL  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CONCLUSION  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

i

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **DAVID DOYLE** | * | **CIVIL ACTION NO. 15-01213** |
| | * | |
| | * | |
| **VERSUS** | * | **JUDGE NANNETTE BROWN** |
| | * | |
| **TIDEWATER INC., GALLIANO** | * | |
| **MARINE SERVICE, LLC AND** | * | **MAGISTRATE MICHAEL NORTH** |
| **OFFSHORE SERVICE VESSELS, LLC** | * | |

**************************************************************************

**TIDEWATER INC.'S MEMORANDUM IN OPPOSITION**
**TO PLAINTIFF'S MOTION TO REMAND**

**MAY IT PLEASE THE COURT:**

Solely for purposes of this Opposition, defendant, Tidewater Inc. ("Tidewater"), accepts Plaintiff's characterization of the facts pertinent to removal under 28 U.S.C. §1441, as set forth in Plaintiff's Memorandum in Support of Motion to Remand[1] and Plaintiff's Original Petition for Damages.[2] That is, on or about January 16, 2015, Plaintiff contends that he was employed by Galliano Marine Services, LLC ("Galliano") and/or Offshore Service Vessels, LLC ("OSV") as a "Captain/Vessel Master" of the M/V FAST TITAN ("owned operated and/or controlled by" Galliano and/or OSV).[3] Plaintiff claims to be a Jones Act seaman with respect to the M/V FAST TITAN (the "TITAN") and co-defendants, Galliano and OSV, and thus his claims against Galliano and OSV are

---

[1] *See* Doc. 6-1.

[2] Originally filed in the Civil District Court for the Parish of Orleans, Plaintiff's Petition for Damages is attached to Tidewater's Notice of Removal as Doc. 1-3.

[3] *See* Docs. 6-1 & 1-3.

1

pled pursuant to the Jones Act, 46 U.S.C. § 30101, *et seq*.[4]  On the other hand, Plaintiff's claim against Tidewater is based on the alleged actions of Tidewater's third-party vessel, the M/V JONATHAN ROZIER (the "ROZIER"), to which Plaintiff had no connection (as a seaman or otherwise).[5] Indeed, Plaintiff does not claim to have ever boarded the ROZIER; rather, he claims that his accident occurred when his vessel, the TITAN, was struck by the ROZIER while the TITAN was docked at the ASCO Dock in Chaguramas, Trinidad.[6]

Thus, while Plaintiff's negligence claims against Galliano and OSV and jurisdiction thereof may be based on the Jones Act *and* general maritime law, his claim against Tidewater is pled pursuant *only* to the General Maritime Laws of the United States.[7]  It is indisputable that this Court would have had original jurisdiction of both Plaintiff's Jones Act and general maritime law claims against defendants had Plaintiff originally filed his Petition for Damages in this Court.[8] The sole dispute here is a purely legal one. It is two-fold:

1. Is Plaintiff's general maritime claim against Tidewater subject to removal?

2. What effect does the inclusion of Jones Act claims against Galliano and OSV have on Tidewater's ability to remove this case to federal court?

---

[4] *See* Doc. 1-3. In addition to Plaintiff's Jones Act negligence claim against Galliano and OSV, he asserts general maritime claims of unseaworthiness and maintenance and cure against Galliano and OSV.

[5] *See* Docs. 1-3 & 6-1.

[6] *Id*.

[7] *Id*.

[8] This Court has original jurisdiction over General Maritime claims pursuant to 28 U.S.C. §1333. Additionally, this Court has original jurisdiction over Jones Act claims, as noted in jurisprudence, pursuant to 28 U.S.C. §1331. *See, e.g., Powell v. Offshore Nav., Inc.*, 644 F.2d 1063, 1067 (5th Cir. 1981) ("Since the Jones Act establishes a federal statutory basis of recovery, *see* 46 U.S.C. § 688, jurisdiction of a Jones Act claim is founded on general federal question jurisdiction, 28 U.S.C. §1331, and not on federal admiralty jurisdiction, 28 U.S.C.§1333").

As explained more fully below, Tidewater contends that the Removal Statute,[9] in its current form (revised as of 2011), has been stripped of any and all barriers to removal of claims arising under the original Admiralty Jurisdiction of this Court.  Far from being a drastic and unintended change in the law regarding "removability" of general maritime claims, the 2011 revision of the Removal Statute did little more than correct a historical mistake, a correction that must be assumed intentional as Congress is presumed aware of the law (statutory and jurisprudential) when it enacts legislation and the plain language of the revision explicitly deleted the prior portion of Section 1441 that (at least according to jurisprudence) served as the "Act of Congress" preventing removal of general maritime claims. Though, as Plaintiff cites in his Motion to Remand,[10] sections of this Court have held that the "savings-to-suitors" clause of the Admiralty Jurisdiction Statute serves as an additional "Act of Congress" preventing removal of general maritime claims, Tidewater respectfully contends that this view of the effect of the "savings-to-suitors" clause on this Court's removal jurisdiction is in error based on age-old maritime precedent from the United States Supreme Court. Finally, Tidewater concedes that Jones Act claims are *not* removable pursuant to the provisions of the Federal Employers' Liability Act ("FELA") adopted by reference therein, but Tidewater contends that removal of Plaintiff's entire action herein was nonetheless proper under Section 1441(c), which mandates that Plaintiff's non-removable Jones Act claims be severed and remanded back to state court, but that this Court retain removal jurisdiction over Plaintiff's purely general maritime claim against Tidewater.

---

[9] 28 U.S.C. §1441.

[10] *See* Doc. 6-1 at pp. 4-6.

## I.   <u>REMOVAL STANDARD</u>

The Removal Statute, as amended in 2011, reads in pertinent part:

> **(a)  Generally.– *Except as otherwise expressly provided by Act of Congress***, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

> **(b)  Removal based on diversity of citizenship. . . . (2)** A civil action otherwise removable ***solely on the basis of the jurisdiction under section 1332(a)*** of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

> **(c)  Joinder of Federal law claims and State law claims.– (1)** If a civil action includes–

>> **(A)** a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of Section 1331 of this title), and

>> **(B)** a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).

> **(2)** Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).[11]

As Plaintiff rightly contends, the party seeking removal "bears the burden of establishing

---

[11] 28 U.S.C. §1441(a), (b) & (c) (emphasis added).

federal court jurisdiction[,]"[12] the Removal Statute is strictly construed,[13] and "any doubt as to the propriety of removal should be resolved in favor of remand."[14]   Fortunately for Tidewater, the above standards mandate denial of Plaintiff's Motion to Remand because Congress *unequivocally* confirmed the basis for removal of claims falling within federal admiralty jurisdiction when it removed the language from Section 1441 that previously provided the *only bar* to removal of federal admiralty claims when such removal was based *solely* on federal admiralty jurisdiction under Section 1333.[15]

## II.  PLAINTIFF'S GENERAL MARITIME CLAIM AGAINST TIDEWATER STANDING ALONE, IS SUBJECT TO REMOVAL

Plaintiff does not appear to contest that his claim against Tidewater is pled pursuant to the General Maritime Laws of the United States. As such, this Court has original jurisdiction over said claim

---

[12] *See* Doc. 6-1 at 2 (citing *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921)).

[13] *See id.* (citing, *inter alia*, *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986)).

[14] *Id.* (quoting *Brown*, 792 F.2d 478).

[15] In fact, as explained more fully below, the Removal Statute really never forbade removal of admiralty claims solely on the basis of admiralty jurisdiction. The prohibition was an erroneous jurisprudential creation. The Removal Statute, in its previous form, provided only that the "forum defendant rule" would prevent removal of claims that fell within federal court original jurisdiction, but did not "arise under" the Constitution, laws or treaties of the United States. Two leaps were made by the courts to find maritime claims nonremovable. First, the United States Supreme Court in *Romero v. Int'l Terminal Operating Co.,* 358 U.S. 354 (1959) found that claims arising under federal admiralty jurisdiction somehow did not "arise under" the laws of the United States, even though admiralty law is quintessentially a federal common law creation and admiralty jurisdiction is provided by Article III, § 2 of the United States Constitution as well as federal statute, 28 U.S.C. § 1333. Second, the United States Fifth Circuit in *In re Dutile*, 935 F.2d 61 (5th Cir.  1991) read the old version of the Removal Statute to require (based on *Romero*) not only that the forum defendant rule be satisfied, *but somehow also that complete diversity (or some other basis of federal question jurisdiction) must exist in order for maritime claims to be removable (even though this further requirement appeared nowhere in the Removal Statute)*. Thus, the plain language of the previous Removal Statute only disallowed removal of admiralty claims when one of the defendants was a citizen of the forum state where the claim was originally filed (the "forum defendant rule"). Yet somehow, this language was construed as providing that admiralty claims could not be removed *unless a separate basis for removal (besides admiralty jurisdiction) existed (such as diversity or another federal question)– i.e.*, that admiralty claims were not removable on the basis of admiralty jurisdiction.

pursuant to the Admiralty Jurisdiction Statute.[16]  This Court is well familiar with the argument that the

2011 revision to the Removal Statute rendered maritime claims freely removable,[17] as recognized by

*Ryan v. Hercules Offshore, Incorporated*[18] and its progeny, so Tidewater will try to be brief on this point.

Plaintiff does not claim that *Ryan*'s reading of the revised Removal Statute is incorrect; rather, Plaintiff

contends that *Ryan* failed to acknowledge the effect of the "savings-to-suitors" clause on removability

of maritime claims.[19]  As will be shown, Plaintiff's contention is in error as the savings-to-suitors clause

saves non-maritime *remedies*, but does not guarantee or even provide for a non-federal forum. That

Plaintiff's non-maritime remedies are saved in federal court is apparent as a matter of law and, therefore,

the savings-to-suitors clause does not represent a statutory bar to removal of his claim against Tidewater.

　　　　Historically and prior to the 2011 revision of Section 1441, "general maritime claims saved to

suitors [had] not been removable."[20]  The basis for non-removability of maritime claims stemmed from

a jurisprudential carve-out in which the United States Supreme Court declared that maritime claims do

not "*arise under* the Constitution, treaties or laws of the United States" for purposes of federal question

jurisdiction under Section 1331 and the Fifth Circuit later applied this reasoning to removal jurisdiction

---

[16] *See* 28 U.S.C. § 1333 ("The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled"). Nevertheless, it is worth noting that the admiralty jurisdiction test is met here as Plaintiff's Petition for Damages makes clear– he claims to have been injured due to an allision between vessels on navigable waters, a classic maritime cause of action.

[17] Indeed, this Court was faced with the same argument in *Aaron v. Phillips 66 Co.*, 2015 WL 575358 (E.D. La. 2015) and *Bd. of Comm'rs of the Se. Louisiana Flood Prot. Auth. E. v. Tennessee Gas Pipeline Co., LLC*, 29 F. Supp. 3d 808 (E.D. La. 2014).

[18] 945 F.Supp. 2d 772 (S.D. Tex. 5/13/13).

[19] *See* Doc. 6-1 at p. 4.

[20] *Ryan*, 945 F.Supp. 2d at 774 (citing  *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003) (citing *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959)).

under Section 1441.[21]  Contrary to Plaintiff's assertion, *Ryan* did not ignore the effect of the savings-to-suitors clause on the issue of maritime removal, but rather astutely observed that "[the bar] was not, however, because the savings to suitors clause prohibited removal, as it 'does no more than preserve the right of maritime suitors to pursue nonmaritime *remedies*. It does not guarantee them a nonfederal *forum*, or limit the right of defendants to remove such actions to federal court . . ."[22]

It is well recognized that "[u]nless . . . there is an ***express declaration by Congress*** to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable."[23]  Unlike the Jones Act, which *does* expressly prohibit removal by adopting the non-removability provision of FELA,[24] The Admiralty Jurisdiction Statute simply does not contain an express provision barring removal.[25]  The cases central to this analysis, as noted above, are *Romero* from the United States Supreme Court and *In Re Dutile* from the Fifth Circuit, which required a counterintuitive "reading in" of a bar to removal within the old Removal Statute itself to get around the very fact that the Admiralty Jurisdiction Statute's "savings-to-suitors" clause did *not* represent an Act of Congress preventing removal of admiralty claims.  Indeed, why would such a convoluted and counterintuitive analysis of the term "arising under" have been necessary in the first place if the savings-to-suitors clause accomplished the same purpose behind said analysis?  As noted in *Ryan*, the previous

---

[21] *Id.* (citing *Romero* and *In re Dutile*, 935 F.2d 61, 63 (5th Cir. 1991)) (emphasis added).

[22] *Id.* (citing *Tenn . Gas Pipeline v. Hous. Cas. Ins.*, 87 F.3d 150, 153 (5th Cir. 1996) (citing  *Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. Unit A 1981); and *Barker v. Hercules Offshore, Inc.*, 713 F.3d 208 (5th Cir. 2013))) (emphasis in the original).

[23] *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460 (5th Cir.  1982).

[24] *See* 28 U.S.C. §1445(a); and 46 U.S.C. § 30104 (incorporating FELA, by reference, into the Jones Act).

[25] *See* 28 U.S.C. §1333.

bar to removal created by *Romero* read in conjunction with *Dutile* was explicitly removed when the Removal Statute was revised in 2011, leaving Plaintiff without a basis to assert that his purely general maritime claim against Tidewater is not removable.

Admittedly, many judges of the Eastern District of Louisiana have disagreed with *Ryan* and found, in some cases, that the savings-to-suitors clause *does* prevent removal of general maritime claims absent a separate basis of federal court original jurisdiction.[26] As such, an in-depth historical analysis of the state of the law *prior to the 2011 revision of the Removal Statute* is necessary as, with all due respect to the learned judges of the Eastern District bench, the law simply does not support the savings-to-suitors clause argument against removability of maritime claims.

As a threshold matter, the *Ryan* argument can be briefed as follows. General maritime claims certainly fall within the federal district courts' concurrent original jurisdiction for reasons other than diversity.[27] "The old version of section 1441(b) was relied upon as the 'Act of Congress' that precluded federal courts from exercising removal jurisdiction unless the requirements of section 1441(b) were met [*i.e.*, the forum defendant rule satisfied]" since *Romero* held that admiralty claims do not "arise under" the laws of the United States.[28]  The new version of Section 1441 clearly and unambiguously deleted this bar to removal by (1) replacing the "arising under" language in 1441(a) with "[claims] of which the district courts . . . have original jurisdiction [which would include admiralty claims under Section 1333]" and (2) replacing the broad "any other such action" language with "[claims based solely on] jurisdiction

---

[26] *See* the cases cited in Plaintiff's Memorandum in Support of Motion to Remand, Doc. 6-1 at pp. 5-6.

[27] *See* 28 U.S.C. § 1333; and *Ryan*, 945 F.Supp. 2d at 777-78.

[28] 945 F. Supp.2d at 777, relying on *In re Dutile*, 935 F.2d at 62-63.

under section 1332(a) [diversity]" in 1441(b).[29]  Now, the plain language of the statute reveals that all claims within *original federal question jurisdiction* are removable without regard to the citizenship of the parties.[30]  Rules of statutory construction mandate such a finding because the language of the new Section 1441 is clear, unambiguous and does not lead to absurd results.[31]  Indeed, "given the indication [in prior Fifth Circuit jurisprudence] that the saving to suitors clause does not guarantee a non-federal forum, an amendment allowing removal is not absurd."[32]

Again, however, courts seem wont to disagree with *Ryan* and conclude, despite historical precedent, that the savings-to-suitors clause presents a bar to removal.  Prior to the 2011 revision of the Removal Statute, the Admiralty Jurisdiction Statute (and the savings-to-suitors clause therein) was established "to permit (***but not guarantee***) concurrent jurisdiction over admiralty cases in admiralty courts and common-law courts (such as state courts)."[33]  Subsequently, "[s]ince the merger in 1966 of admiralty rules with civil rules, when the federal court hears an admiralty case, the court is considered a common-law court with power to grant common-law remedies."[34]  When the right to remove federal question cases was first established in 1789, admiralty suits appeared "to satisfy both of the general grounds for removal in the Removal Statute because admiralty claims can be brought originally in federal court, and because admiralty law derives from the constitutional grant of admiralty jurisdiction

---

[29] *Id*. at 777-78; *see also* 28 U.S.C. § 1441(a) & (b).

[30] *See Ryan*, 945 F.Supp.2d at 777-78.

[31] *Id*.

[32] *Id*. at 778.

[33] Kenneth G. Engerrand, *Removal and Remand of Admiralty Suits*, 21 Tul. Mar. L.J. 383, 384 (1997) (citing 28 U.S.C. § 1333; and *The Moses Taylor*, 71 U.S. 411, 431 (1867)).

[34] *Id*.

to the federal courts."[35] Yet, "[d]espite the fact that the 'congressional language . . . is perfectly understandable in ordinary English,'" and admiralty claims common-sensibly "arise under" the Constitution and laws of the United States, "the determination whether admiralty cases can be removed has been affected by historical accident rather than traditional principles of statutory interpretation."[36] As noted by Kenneth Engerrand, the historical mistake in the 5-4 *Romero* decision led the Fifth Circuit to "emphatically" hold that "admiralty claims are not removable under [the old] section 1441(b)" absent diversity or some other basis of federal question jurisdiction besides admiralty.[37] As *Ryan* correctly points out, the statutory underpinnings of *Romero* and the Fifth Circuit's decision in *Dutile* (erroneous or not) were *emphatically* deleted from the Removal Statute in 2011. This has led courts to revert to the savings-to-suitors clause to reground the bar to admiralty removal jurisdiction *on some basis*.

But the savings-to-suitors clause simply does not provide such a basis. It saves common-law *remedies* to suitors "without discrimination as to any tribunal."[38] This proposition has rung true in the eyes of the United States Supreme Court since at least the late 1800s.[39] Indeed, the Fifth Circuit has

---

[35] *Id*. at 385.

[36] *Id*. at 385 (quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 388 (1959) (Black, J., dissenting). For further analysis of the need to correct the historical mistake made by *Romero* and *Dutile*, see Steven F. Friedell, *The Disappearing Act: Removal Jurisdiction of an Admiralty Claim*, 30 Tul. Mar. L.J. 75 (2006).

[37] *Id*. at 385-89 (citing *In re Dutile*, 935 F.2d 61, 63 (5th Cir.1991). It must also be noted that the Fifth Circuit's "reading-in" of a required separate basis of federal jurisdiction (not just a lack of a forum defendant) also appears contradictory to the statutory text and has led to criticism. *See* 14A Charles Alan Wright, Arthur R. Miller & Edward H Cooper, Federal Practice & Procedure, §3674, at 363 (4th ed. 2013); and Thomas J. Schoenbaum, Admiralty and Maritime Law, § 2-5 at 112 n.14 (5th ed. 2012) (noting that the rule that admiralty savings clause cases cannot be removed unless admiralty jurisdiction is exclusive "seems to contradict the express wording of [the old] § 1441(a), which allows the removal of any claim within original federal jurisdiction unless forbidden by Congress. *No act of Congress generally forbids removal of admiralty claims*.") (emphasis added).

[38] *Id*. at 388 (quoting *Romero*, 358 U.S. at 407 (Brennan, J., dissenting)).

[39] *Id*. at 389 (citing *The Belfast*, 74 U.S. (7 Wall.) 624, 643 (1869) ("Nothing is said about a concurrent jurisdiction in a State court or in any other court. . . ."); and *The Moses Taylor*, 71 U.S. (4 Wall.) 411, 431 (1867) ("It is not a remedy in the common-law courts which is saved, but a common-law remedy")).

10

repeatedly and unequivocally made the exact same observation.[40] Nevertheless, this statement begs the question of whether any *particular common-law remedy* would be lost to plaintiff if his claim against Tidewater remained in this Court. As plaintiff has not identified any such remedies, Tidewater is not compelled to theorize and, item-by-item, establish that this Court is competent to give common-law remedies plaintiff has not identified. That said, the very purpose of the savings-to-suitors clause was to preserve *all* common-law remedies to which the suitor would otherwise be entitled if his claim was brought in state court, regardless of whether the claim is in federal court under admiralty jurisdiction or some other basis of federal jurisdiction. Indeed, "[i]f a court has jurisdiction over an admiralty matter, it 'is free to adopt such remedies, and to attach to them such incidents, as it sees fit' so long as it does not attempt to make changes in the 'substantive maritime law.'"[41] This statement was made concerning a state court proceeding and regarded the state court's power to grant common-law remedies, but it applies equally to *any* forum (state or federal) with power to hear a claim arising under the general maritime law.[42]

Plaintiffs often assert that federal courts have both a "law side" and an "admiralty side" and claims brought on the latter side are deprived of common-law remedies. This is simply not the case. First, any distinction between separate sides of federal courts "[was] eliminated when the [Federal Rules of Civil Procedure] were unified in 1966, and admiralty claims were incorporated into 'one form of action

---

[40] *See, e.g., Poirrier v. Nicklos Drilling Co.*, 648 F.2d 1063, 1066 (5th Cir. 1981) ("The 'savings to suitors' clause does no more than preserve the right of maritime suitors to pursue nonmaritime remedies. It does not guarantee them a nonfederal forum . . ."); *Tennessee Gas Pipeline v. Houston Cas. Ins. Co.*, 87 F.3d 150, 153 (5th Cir. 1996); and *Barker v. Hercules Offshore, Inc.*, 173 F.3d 208, 220 (5th Cir. 2013).

[41] Kenneth G. Engerrand, *Admiralty Jury Trials Reconsidered*, 12 Loy. Mar. L.J. 73, 85 (2013) (quoting *Madruga v. Superior Court*, 346 U.S. 556, 561 (1954) (quoting *Red Cross Line v. Atl. Fruit Co.*, 264 U.S. 109, 124 (1924)).

[42] *See id.* ("suitors may elect to assert common-law remedies either in federal court under its admiralty jurisdiction, in federal court under a different jurisdictional basis, or in state court").

– the civil action.'"[43] But more importantly, "that [1966] merger did not change the court's power with respect to common-law remedies, as ***admiralty courts already had the right to grant common-law remedies prior to the unification***."[44]  The most notable common-law remedy that plaintiffs tend to cling to is the Seventh Amendment right to a jury trial.  As the argument goes, jury trials are historically unavailable in admiralty and, therefore, if the claim were removed under federal admiralty jurisdiction, plaintiff would be deprived of a jury trial.  It must be noted that no jury trial was requested by plaintiff when he filed his petition in state court,[45] so there is no jury trial remedy to be lost.  As such, Tidewater will not burden this court with a lengthy analysis of why the hypothetical right to a jury trial would *not* be lost upon removal to this Court *even if a jury had been requested*. Suffice it to say, however, that Kenneth Engerrand has already undertaken just such a lengthy analysis, concluding (common-sensibly) as follows:

> [T]he fact that the case is removed to the court's admiralty jurisdiction does not mean that a jury trial is not available.  ***If a jury trial is a common-law remedy that was saved to the plaintiff, and if the plaintiff sought that remedy in the action filed in state court, the Savings-to-Suitors Clause preserves that remedy when the case is removed to the federal court as "[i]t is not a remedy in the common-law courts which is saved, but a common-law remedy."***  Thus, as the remedy is saved "to suitors, and not to the State courts, nor to the Circuit Courts of the United States," suitors may enforce the common-law remedy (jury trial) in admiralty, even though a jury trial was not a remedy provided by the general maritime law in actions brought solely under the admiralty jurisdiction.
>
> Neither the Seventh Amendment, nor any other provision of the Constitution, nor any statute or procedural rule, forbids a jury trial in an

---

[43] *Id*. at 85-86 (citing Fed. R. Civ. P. 2).

[44] *Id*. at 86 (citing *The Belfast*, 74 U.S. at 644; and *Pan. R.R. v. Johnson*, 264 U.S. 375, 390 (1924)) (emphasis added).

[45] *See* Doc. 1-3.

admiralty case. ***In contrast, the Supreme Court has stated: "The course of legislation always has been to recognize the admiralty jurisdiction as open to the adjudication of all maritime cases as a matter of course, and to permit a resort to common-law remedies through appropriate proceedings in personam as a matter of admissible grace."*** After the Admiralty Rules and civil rules were merged in 1966, Rule 38(e) provided that the unification did "not create a right to a jury trial on issues in a claim that is an admiralty or maritime claim under Rule 9(h)." However, Rule 38(e) does not create "a right to a bench trial for admiralty claims." The Fifth Circuit has explained: "The practice of trying admiralty claims to the bench is simply one of custom and tradition." When a suitor has invoked this right to the remedy of a jury trial in state court pursuant to the Saving-to-Suitors Clause, "that tradition cannot trump" the statutory right afforded by the Saving-to-Suitors Clause or the Constitutional right to a jury trial under the Seventh Amendment that attached prior to removal. ***Consequently, the Saving-to-Suitors Clause and the Removal Statute harmoniously permit removal of admiralty claims based on the federal court's original admiralty jurisdiction while saving to suitors <u>all remedies to which they are entitled</u>, including the jury trial remedy that accrued when the suit was filed in state court.***[46]

Based on the foregoing, it is clear that the savings-to-suitors argument against removal of purely maritime claims is without basis in law. The savings-to-suitors clause actually stands for the exact opposite proposition- the claim may proceed in any tribunal competent to hear it, provided, however, that any and all common-law remedies available to the plaintiff are preserved therein. The federal courts hearing cases arising under admiralty law and/or within admiralty jurisdiction are fully empowered to grant plaintiff any and all common-law remedies to which he would otherwise be entitled. To hold otherwise would contradict 150 years of maritime precedent and, indeed, the savings-to-suitors clause itself.

---

[46] Engerrand, *Admiralty Jury Trials Reconsidered*, 12 Loy. Mar. L.J. 73, 123-24 (emphasis added) (internal citations omitted). Engerrand scrupulously analyzed the wealth of maritime jurisprudence on the application of the savings-to-suitors clause and the availability of a jury trial under admiralty jurisdiction throughout this entire article. Tidewater contends that his analysis is sound and leads to a plain, uncomplicated, and harmonious application of the federal procedural rules (statutory and jurisprudential) in the maritime context.

## III.   THE INCLUSION OF A JONES ACT CLAIM AGAINST OTHER DEFENDANTS BESIDES TIDEWATER DOES NOT NEGATE TIDEWATER'S RIGHT TO REMOVAL

Under Section 1441(c), the inclusion of a Jones Act claim, which Tidewater concedes has been rendered nonremovable by statute, does not require remand of plaintiff's entire action back to state court. Rather, Section 1441(c) (reproduced above) requires that plaintiff's Jones Act claim(s) be severed and remanded to state court and that this Court retain removal jurisdiction over the remaining (purely) general maritime claim against Tidewater.

Tidewater acknowledges this Court's opinion in *Aarons v. Phillips 66 Company* and the well-reasoned analysis therein.[47]   However, Tidewater respectfully requests that this Court reconsider its position on the proper application of 1441(c) in light of Congress' stated purpose behind the revision thereto as well as the statutory language itself. Though the "arising under" language was retained in 1441(c)(1)(A), the legislative history provides:

> This section of the bill [regarding 1441(c)] is ***intended to make changes to better serve the purpose for which the statute was originally designed, namely to provide a Federal forum for the resolution of Federal claims that fall within the original jurisdiction of the Federal courts***. . . . This sever-and-remand approach is intended to cure any constitutional problems while preserving the defendant's right to remove claims arising under Federal law.[48]

Maritime claims arise under federal Admiralty law and the Constitutional and statutory grant of admiralty jurisdiction to the federal courts. As such, the amendment to 1441(c) – given its stated intent "to provide a Federal forum for the resolution of Federal claims that fall within the original jurisdiction

---

[47] 2015 WL 575358.

[48] H.R. REP. 112-10, H.R. Rep. No. 10, 112th Cong., 1st Sess. 2011, 2011 WL 484052 at *12, 2011 U.S.C. C.A.N. 576, 580 (Leg. Hist.) (emphasis added).

14

of the Federal courts"– has as its very purpose to allow this Court to retain jurisdiction over plaintiff's general maritime claim against Tidewater (a federal claim within the original jurisdiction of the federal courts), while severing and remanding his Jones Act claims against Galliano and OSV.

The Southern District of Texas' opinion in *Wells v. Abe's Boat Rentals, Incorporated* and the Middle District of Louisiana's opinion in *Bridges v. Phillips 66 Company* are faithful to Congress' stated purpose behind the revision to Section 1441(c).[49] These cases stand for the sound proposition that the sever-and-remand approach is proper when a removable general maritime claim and a nonremovable Jones Act claim are asserted in the same case.

Moreover, Tidewater contends that its position is faithful to a plain and reasonable reading of the statutory language itself. A close reading of Section 1441(c)(1) reveals that it has three requirements, all of which have been met here. Section 1441(c)'s "sever-and-remand" approach requires only that the "civil action" removed "*include*" the following three things:

1.  "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of Section 1331 of this title)" [Section 1441(c)(1)(A)];

2.  ". . . a claim that has been made nonremovable by statute" [Section 1441(c)(1)(B)]; and

3.  that "the entire action [would be removable] if the action would be removable without the inclusion of the claim described in subparagraph (B)" [Section 1441(c)(1)(B)].[50]

---

[49] *Wells*, No. Civ.A. H-13-1112, 2013 WL 3110322, at *4 (S.D. Tex. June 18, 2013) ("The claims against Energy XXI and IOC are federal-question claims under the OCSLA, making this case removable (although the Jones Act claims must be severed and remanded) . . . *Even assuming that general maritime law applies, under Ryan and the cases it cites this action is nonetheless removable, again with the proviso that the Jones Act claim against Abe's Boat Rentals is severed and remanded to the state court.*") (emphasis added); and *Bridges*, No. CIV .A. 13-477-JJB, 2013 WL 6092803, at *4-5 (M.D. La. Nov. 19, 2013) (observing that the entire action was removable based on admiralty removal jurisdiction, notwithstanding the fact that the action included a Jones Act claim as well).

[50] 28 U.S.C. § 1441(c)(1). Of course, as this Court is well aware, if Section 1441(c)(1) applies, then Section 1441(c)(2) requires that the nonremovable claim be severed and remanded, while this Court retain jurisdiction over the remaining general maritime claim against Tidewater.

The instant action *includes* all three requirements. First, Section 1441(c)(1)(A) has been satisfied because a Jones Act claim "arises under" the laws of the United States within the meaning of Section 1331, as recognized by Fifth Circuit jurisprudence.[51] Second, the first part of Section 1441(c)(1)(B) has been met as the Jones Act claim has been rendered nonremovable by statute, as conceded by Tidewater. Finally, the second and last part of Section 1441(c)(1)(B) has been met as this maritime action would have been removable under the new Section 1441(a) & (b) without the inclusion of the nonremovable Jones Act claim (see Part II of this Memorandum, *supra*).

The plain language of Section 1441(c) supports this position as it clearly does not require that the claim described in 1441(c)(1)(A) be a different claim from the one described in Section 1441(c)(1)(B); rather, it merely requires that the "civil action" removed "*include*" a claim meeting both elements, as plaintiff's Jones Act claim plainly does here. That this reading is reasonable, plain and faithful to the statutory language and legislative purpose becomes apparent when one considers what Section 1441(c)(1)'s final requirement (the one that ultimately determines removability) does *not* say. That is, the last requirement (noted above) makes this abundantly clear as it does not state "the entire action may be removed if the *claim arising under Section 1331 jurisdiction would be removable*" without the inclusion of the nonremovable claim. Nor does it say "the *claim arising under Section 1331 jurisdiction* may be removed alone" if said claim would have been removable but for the inclusion of the nonremovable claim. Quite the contrary, the last requirement of Section 1441(c)(1)(B) makes absolutely no reference to 1441(c)(1)(A) or Section 1331. Instead, it requires only that the "entire action *may be removed if it would be removable **without the inclusion of the claim described in subparagraph (B)***."

---

[51]*See, e.g., Powell v. Offshore Nav., Inc.*, 644 F.2d 1063, 1067 (5th Cir. 1981) ("Since the Jones Act establishes a federal statutory basis of recovery, *see* 46 U.S.C. § 688, jurisdiction of a Jones Act claim is founded on general federal question jurisdiction, 28 U.S.C. §1331, and not on federal admiralty jurisdiction, 28 U.S.C.§1333").

Also of note, this reading of Section 1441(c) would not lead to any absurd result(s) as, *under no circumstances*, would the sever-and-remand approach be available to a cause-of-action that would *not* have been removable *even without* the inclusion of a nonremovable (or purely State law) claim. That is, the remaining claim must still be removable on its own merits (as general maritime claims are (see above)) whether it is removable under Section 1331 or 1333.  And this reading also serves to harmoniously give effect to all of 1441(c)(i)'s parts, given the lack of limitation contained (B) based on Section 1331.  Thus, there is simply no reason for treating general maritime claims and Section 1331 claims differently for purposes of application of Section 1441(c), neither on the basis of the statutory language nor Congress' purpose in amending Section 1441(c).

As such, Tidewater contends that the Removal Statute, in its current form, requires that this Court retain jurisdiction over plaintiff's general maritime claim against it, while severing and remanding only plaintiff's Jones Act claims against the other defendants.

## **CONCLUSION**

For the foregoing reasons, plaintiff's Motion to Remand should be denied as to plaintiff's purely general maritime claim against Tidewater; only plaintiff's Jones Act claims should be severed and remanded in accordance with 28 U.S.C. §1441(c).

Respectfully submitted,

MAHTOOK & LAFLEUR

*s/Kay A. Theunissen*
CLIFFE E. LABORDE III - #08062
KAY A. THEUNISSEN - #17448
MARC J. MANDICH - #35402
1000 Chase Tower
600 Jefferson Street
Lafayette, Louisiana 70502
Post Office Box 3089
Phone: (337) 266-2189
Fax: (337) 266-2303
Attorneys for Defendant,
Tidewater Inc.

## **CERTIFICATE**

I HEREBY CERTIFY that the above and foregoing has this date been served on all counsel

of record in this proceeding by:

( ) Hand Delivery               ( ) Prepaid U.S. Mail

( ) Facsimile                   ( ) Federal Express

(X ) CM/ECF Court Filing systems

Lafayette, Louisiana, this 2nd of June, 2015.

*s/Kay A. Theunissen*
 **KAY A. THEUNISSEN**

18