## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**DAVID DOYLE**                                        **CIVIL ACTION**

**VERSUS**                                             **CASE NO. 15-1213**

**TIDEWATER INC., et al.**                             **SECTION: "G"(5)**

### ORDER

In this litigation, Plaintiff David Doyle ("Plaintiff") brings claims against Defendants Tidewater, Inc. ("Tidewater"), Galliano Marine Services, LLC ("Galliano"), and Offshore Service Vessels, LLC ("Offshore"), pursuant to the Jones Act, 46 U.S.C. § 30104, and general maritime laws.[1] Plaintiff alleges that he was injured when the vessel he was working on collided with another vessel.[2] Pending before the Court is Plaintiff's "Motion to Remand."[3] Having reviewed the motion, the memoranda in support, the memorandum in opposition, the record, and the applicable law, the Court will grant the motion.

### I. Background

*A.     Factual Background*

Plaintiff alleges that on or about January 16, 2015, he was employed as a Captain/Vessel Master by Galliano and/or Offshore and assigned to the M/V FAST TITAN.[4] According to Plaintiff, on or about January 16, 2015, he was aboard the M/V FAST TITAN at the ASCO Dock in Chaguramas, Trinidad when the M/V FAST TITAN was struck and damaged by the M/V

---

[1] Rec. Doc. 1-3.

[2] *Id.*

[3] Rec. Doc. 6.

[4] Rec. Doc. 1-3 at p. 2.

JONATHAN ROZIER, operated and/or controlled by Tidewater.[5] Plaintiff alleges that as a result

of the force of the collision, he was thrown down a flight of stairs and sustained injuries, including

injuries to his upper and lower extremities, his shoulder, neck and back.[6]

**B.      *Procedural Background***

Plaintiff filed a Petition for Damages in the Civil District Court for the Parish of Orleans on

March 6, 2015.[7] He asserts claims pursuant to the Jones Act, 46 U.S.C. § 30104, and the general

maritime laws of the United States.[8] Tidewater removed the case to this Court on April 16, 2015.[9]

Plaintiff filed a "Motion to Remand"[10] on May 15, 2015. Tidewater filed its opposition on June 2,

2015.[11] With leave of Court, Plaintiff filed a reply on June 16, 2015.[12] Pursuant to Local Rule 7.5,

opposition to a motion must be filed eight days before the noticed submission date. The instant

motion was set for submission on June 10, 2015. Neither Galliano nor Offshore have responded to

the motion to remand, timely or otherwise.

## II. Parties' Arguments

**A.      *Plaintiff's Arguments in Support of His Motion to Remand***

Plaintiff contends that he is a Jones Act seaman and that his petition for damages includes

---

[5] *Id.* at p. 3.

[6] *Id.*

[7] Rec. Doc. 1-3.

[8] *Id.* at p. 2.

[9] Rec. Doc. 1.

[10] Rec. Doc. 6.

[11] Rec. Doc. 8.

[12] Rec. Doc. 14.

claims under the Jones Act.[13] Citing the Supreme Court in *Romero v. International Terminal Operating Co.*,[14] Plaintiff asserts that Jones Act cases are not removable absent an independent basis for jurisdiction in federal courts. According to Plaintiff, there is no independent basis for federal jurisdiction in this case.[15]

In support, Plaintiff cites this Court's decision in *Aaron v. Phillips 66 Co.*[16] Plaintiff contends that in *Aaron*, the Court found that "the presence of Jones Act claims precludes removal pursuant to section 1441(c)."[17] Plaintiff asserts that because Plaintiff has properly stated Jones Act claims in this case, the case should be remanded to state court.[18] In support, Plaintiff also cites *Perrier v. Shell*,[19] a case from another section of the Eastern District of Louisiana, asserting that in *Perrier*, the court found that a "properly pleaded Jones Act claim is not removable unless the defendant can successfully establish fraudulent joinder."[20]

In addition, Plaintiff asserts that even without the Jones Act claim, this action is not removable.[21] Plaintiff contends that in Defendants' "Notice of Removal,"[22] they cited a case from

---

[13] Rec. Doc. 6-1 at p. 2.

[14] 358 U.S. 354 (1959).

[15] Rec. Doc. 6-1 at p. 2.

[16] No. 14-601, 2015 WL 575358 (E.D. La. Feb. 11, 2015) (Brown, J.).

[17] Rec. Doc. 6-1 at p. 2 (quoting *Aaron*, 2015 WL 575358 at *3).

[18] *Id.* at p. 3.

[19] No. 14-490, 2014 WL 2155258 (E.D. La. May 22, 2014) (Zainey, J.).

[20] Rec. Doc. 6-1 at p. 3 (quoting *Perrier*, 2014 WL 2155258 at *1).

[21] *Id.* at p. 4.

[22] Rec. Doc. 1.

the Southern District of Texas, *Ryan v. Hercules Offshore, Inc.*,[23] and two cases that rely upon that decision.[24] Plaintiff asserts that these cases interpret the 2011 amendment to 28 U.S.C.A. § 1441, which governs removal.[25] According to Plaintiff, the court in *Ryan* relied upon the Fifth Circuit decision *In re Dutile*,[26] to find that the pre-amendment non-removability of maritime claims was based upon language in 28 U.S.C. § 1441(b).[27] Plaintiff asserts that the Fifth Circuit had reasoned that admiralty and general maritime claims were properly categorized as "any other such actions" under the former § 1441(b) that were "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which the action is brought."[28] Plaintiff contends, however, that the Southern District of Texas in *Ryan* "fails to mention [] that *Dutile* did not address the issue of whether the saving-to-suitors clause of 28 U.S.C. § 1333 prevents removal of general maritime claims."[29] According to Plaintiff, the court in *Ryan* ignores the Supreme Court's decision in *Romero*, where the Supreme Court found that "the historic option of a maritime suitor pursuing a common-law remedy to select his forum, state or federal, would be taken away by an expanded view of § 1331, since the saving-clause actions would then be freely removable under § 1441 of Title 28, 28 U.S.C.A."[30] Plaintiff avers that many courts in the Eastern District of

---

[23] 945 F. Supp. 2d 772 (S.D. Tex. May 13, 2013).

[24] Rec. Doc. 6-1 at p. 4.

[25] *Id.*

[26] 935 F.2d 61 (5th Cir. 1991).

[27] Rec. Doc. 6-1 at p. 4.

[28] *Id.*

[29] *Id.*

[30] *Id.* (quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354 (1959).

Louisiana have rejected the findings of *Ryan*.[31] Furthermore, Plaintiff asserts that "every judge in the United States District Court of Eastern District of Louisiana that has considered this issue has rejected the notion that the 2011 amendment of § 1441 eliminates this historical bar to removal."[32]

Finally, Plaintiff cites *Speranza v. Leonard*,[33] a case from the District Court of Connecticut, stating that in *Speranza*, the court held that a maritime wrongful death claim was not removable on the basis of admiralty jurisdiction.[34] Plaintiff also cites *Cushwa v. Ross*,[35] a case from the Northern District of Georgia, asserting that the court in *Cushaw* held that a Jones Act claim was not removable and remanded the case to state court.[36] Plaintiff also cites *Stewart v. Atwood*,[37] a case from the Western District of New York, asserting that the court in *Stewart* held that the general maritime claim was not removable and remanded the case to state court.[38]

## B.     *Tidewater's Arguments in Opposition*

In opposition, Tidewater asserts that although the Jones Act claims are not removable pursuant to the provisions of the Federal Employers' Liability Act, removal of the action was proper under Section 1441(c), which mandates that Plaintiff's Jones Act claims be severed and remanded

---

[31] *Id.* at p. 5 (citing *Perrier v. Shell Oil Co.*,  No. 14-490, 2014 WL 2155258 (E.D. La. May 22, 2014) (Zainey, J.).

[32] *Id.* (citing cases).

[33] 925 F. Supp. 2d 266 (D. Conn. 2013).

[34] Rec. Doc. 6-1 at p. 6.

[35] 950 F. Supp. 2d 1276 (N.D. Ga. 2013).

[36] Rec. Doc. 6-1 at p. 6.

[37] 834 F. Supp. 2d 170 (W.D.N.Y. 2012).

[38] Rec. Doc. 6-1 at p. 6.

to state court.[39] Tidewater asserts that the Court should retain removal jurisdiction over Plaintiff's general maritime claim against Tidewater.[40] Tidewater asserts that the revised removal statute, 28 U.S.C. § 1441, "has been stripped of any and all barriers to removal of claims arising under the original Admiralty Jurisdiction of this Court."[41] Tidewater contends that the amendment of 28 U.S.C. § 1441 "did little more than correct a historical mistake" and that the correction must be assumed to be intentional as "the plain language of the revision explicitly deleted the prior portion of Section 1441 that (at least according to jurisprudence) served as the 'Act of Congress' preventing removal of general maritime claims."[42]

Tidewater contends that the Court has original jurisdiction over the general maritime claim against Tidewater pursuant to 28 U.S.C. § 1333, which provides for federal jurisdiction over admiralty jurisdiction.[43] Tidewater asserts that the "savings-to-suitors" clause "saves non-maritime *remedies*, but does not guarantee or even provide for a non-federal forum."[44] Tidewater contends that the savings-to-suitors clause does not represent a statutory bar to removal of the claim against Tidewater.[45] According to Tidewater, unless there is an "express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal

---

[39] Rec. Doc. 8 at p. 8.

[40] *Id.*

[41] *Id.*

[42] *Id.*

[43] *Id.* at pp. 10–11.

[44] *Id.* at p. 11.

[45] *Id.*

and state courts, are removable."[46] Tidewater asserts that the admiralty jurisdiction statute does not contain an express provision barring removal.[47]

Tidewater asserts that, as noted in *Ryan v. Hercules Offshore, Inc.*,[48] the previous bar to removal created by the Supreme Court in *Romero* was explicitly removed when the removal statute was revised in 2011.[49] Tidewater acknowledges that many judges of the Eastern District of Louisiana have disagreed with the court's reasoning in *Ryan*; however, Tidewater asserts that the law does not support the savings-to-suitors clause argument against removability of maritime claims.[50]

Tidewater also contends that the Jones Act claim does not preclude removal.[51] Tidewater acknowledges this Court's ruling in *Aarons v. Phillips 66 Company*,[52] in which this Court held that the presence of a Jones Act claim precluded removal pursuant to 28 U.S.C. § 1441(c).[53] Tidewater asks that the Court reconsider its position regarding the proper application of section 1441(c) in light of Congress' stated purpose behind the revision, as well as the statutory language.[54] In support, Tidewater cites a Southern District of Texas case, *Wells v. Abe's Boat Rentals, Inc.*[55] and a Middle

---

[46] *Id.* at p. 12 (citing *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460 (5th Cir. 1982)).

[47] *Id.* (citing 28 U.S.C. § 1333).

[48] 945 F. Supp. 2d 772 (S.D. Tex. May 13, 2013).

[49] Rec. Doc. 8 at pp. 12–13.

[50] *Id.* at p. 13.

[51] *Id.* at p. 19.

[52] No. 14-601, 2015 WL 575358 (E.D. La. Feb. 11, 2015) (Brown, J.).

[53] *Id.* at *3–4.

[54] Rec. Doc. 8 at p. 19.

[55] No. H-13-1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013).

District of Louisiana case, *Bridges v. Phillips 66 Co.*,[56] for the proposition that the sever-and-remand approach is proper when a removable general maritime claim and a nonremovable Jones Act claim are asserted in the same case.[57] Tidewater also contends that the sever-and-remand approach is appropriate because Section 1441(c) requires only that the civil action include: (1) "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of Section 1331 of this title)"; (2) "a claim that has been made nonremovable by statute"; and (3) that "the entire action [would be removable] if the action would be removable without the inclusion of the claim described in subparagraph (B)."[58] Tidewater asserts that all of these requirements are met in this case.[59] Tidewater argues that the Jones Act claim "arises under" the laws of the United States, that the second part of Section 1441(c)(1)(B) is met because the Jones Act claim has been rendered nonremovable by statute, and that the maritime action would be removable absent the Jones Act claim.[60]

## C.    *Plaintiff's Arguments in Further Support of His Motion*

Plaintiff contends that its general maritime law claim cannot be severed from the Jones Act claims in order to stay in federal court because 28 U.S.C. § 1441(c) requires "a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title)" and it is well-established general maritime laws do not arise under the Constitution, laws, or

---

[56] No. 13-477, 2013 WL 6092803 (M.D. La. Nov. 19, 2013).

[57] Rec. Doc. 8 at p. 20.

[58] *Id.* (citing 28 U.S.C. § 1441(c)(1)).

[59] *Id.*

[60] *Id.*

treaties of the United States.[61] Plaintiff contends that Tidewater's statutory analysis does not make

sense and Tidewater has not provided any authority for its statutory interpretation.[62] Plaintiff asserts

that Section 1441(c) clearly contemplates severing the removable claims and therefore Plaintiff's

claims must arise under the Constitution, laws or treaties of the United States, which Plaintiff asserts

they do not.[63] Plaintiff also reasserts his arguments that general maritime claims are not removable

pursuant to 28 U.S.C. § 1441.[64]

### III. Law and Analysis

#### A.   *Legal Standard on a Motion to Remand*

Pursuant to the applicable removal statute, a defendant may remove a state court action only

if the action could have originally been filed in federal court.[65] Because removal raises significant

federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt

resolved against removal and in favor of remand.[66] In short, any doubts regarding whether removal

jurisdiction is proper should be resolved against federal jurisdiction.[67] Motions to remand from a

federal district court to a state court are governed by 28 U.S.C. § 1447(c), which provides, in part,

that: "If at any time before the final judgment it appears that the district court lacks subject matter

---

[61] Rec. Doc. 14 at pp. 1–2.

[62] *Id.* at p. 2.

[63] *Id.*

[64] *Id.* at p. 4.

[65] *See* 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants.").

[66] *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

[67] *Vantage Drilling Co. v. Hsin–Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (quoting *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2014), cert. denied, 530 U.S. 1229 (2000)).

jurisdiction, the case shall be remanded."[68] The burden of establishing subject matter jurisdiction rests with the party seeking to invoke it.[69]

## B.    *Analysis*

As a general rule, a defendant who desires to remove a maritime action from state court to federal court must establish an independent ground of federal subject matter jurisdiction.[70] Plaintiff argues that this case must be remanded because there is no independent basis for jurisdiction.[71] Tidewater asserts that the amendments to 28 U.S.C. § 1441 changed this general rule.[72] District courts are divided as to whether the amendments to Section 1441 permit a defendant to remove a general maritime claim on the basis of admiralty jurisdiction alone.[73] However, the Court need not address this issue because it finds the presence of Jones Act claims precludes removal pursuant to Section 1441(c).

In general, suits properly brought in state court under the Jones Act may not be removed.[74]

---

[68] 28 U.S.C. § 1447(c).

[69] *St. Paul Reinsur. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (citing *Gaitor v. Peninsular & Occidental Steamship Co.*, 287 F.2d 252, 253–54 (5th Cir. 1961)).

[70] *In re Dutile*, 935 F.2d 61, 63 (5th Cir.1991) ( "[A]dmiralty and maritime claims may be removed to federal court only by non-forum defendants and only where there is complete diversity of citizenship.").

[71] Rec. Doc. 6-1 at p. 3.

[72] Rec. Doc. 8 at p. 8.

[73] *Compare Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1178–79, No. C13–2304, 2014 WL 820270, at *2–11 (W.D. Wash. Feb. 28, 2014), and *Barry v. Shell Oil Co.*, Civil Action No. 13–6133, 2014 WL 775662, at *1–3 (E.D. La. Feb. 25, 2014) (cases brought under the general maritime law are not removable), with *Garza v. Phillips 66 Co.*, No. 13–742, 2014 WL 1330547, at *4–5 (M.D. La. Apr. 1, 2014), and *Harrold v. Liberty Ins. Underwriters, Inc.*, No. 13–762, 2014 WL 688984, at *3–4 (M.D. La. Feb. 20, 2014), and *Carrigan v. M/V AMC AMBASSADOR*, No. H–13–03208, 2014 WL 358353, at *2 (S.D. Tex. Jan. 31, 2014), and *Bridges v. Phillips 66 Co.*, No. 13–477, 2013 WL 6092803, at *4–5 (M.D. La. Nov. 19, 2013), and *Wells v. Abe's Boat Rentals Inc.*, No. H13–1112, 2013 WL 3110322, at *1–4 (S.D. Tex. June 18, 2013), and *Ryan v. Hercules Offshore, Inc.*, 945 F. Supp. 2d 772, 774–78 (2013) (cases brought under the general maritime law are removable).

[74] 46 U.S.C. § 30104; 28 U.S.C. § 1445(a); *Burchett v. Cargill, Inc.*, 48 F.3d 173, 175 (5th Cir. 1995).

Tidewater argues that the suit is removable pursuant to 28 U.S.C. § 1441(c), which provides:

> (c) Joinder of Federal law claims and State law claims.–
>
> (1) If a civil action includes–
>
>> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>>
>> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).[75]

Tidewater acknowledges that this Court has previously decided this very issue in *Aarons v. Phillips 66 Company*.[76] There, the plaintiffs brought claims under both the Jones Act and general maritime law.[77] The Court held that the plain language of 28 U.S.C. § 1441(c) precluded removal of the case.[78]

Tidewater urges the Court to reconsider its position.[79] In support, Tidewater cites the legislative history of Section 1441(c)(1)(A), which provides:

---

[75] 28 U.S.C. § 1441(c) (2013). Prior to the Federal Courts Jurisdiction and Venue Clarification Act of 2011 amendments, section 1441(c) provided:
> Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

[76] No. 14-601, 2015 WL 575358 (E.D. La. Feb. 11, 2015).

[77] *Id.* at *1.

[78] *Id.* at *3–4.

[79] Rec. Doc. 8 at p. 19.

11

> [t]his section of the bill [regarding 1441(c)] is intended to make changes to better
> serve the purpose for which the statute was originally designed, namely to provide
> a Federal forum for the resolution of Federal claims that fall within the original
> jurisdiction of the Federal courts. . . . This sever-and-remand approach is intended
> to cure any constitutional problems while preserving the defendant's right to remove
> claims arising under Federal law.[80]

Tidewater also cites a case from the Southern District of Texas, *Wells v. Abe's Boat Rentals, Inc.*[81] and a case from the Middle District of Louisiana, *Bridges v. Phillips 66 Co.*[82] In *Wells*, the plaintiff brought both Jones Act and general maritime claims and the defendants removed the case from state to federal court.[83] Upon the plaintiff's motion to remand, the court, finding that general maritime claims are removable following the amendments to the removal statute, severed and remanded the plaintiff's Jones Act claims.[84] In *Bridges*, the plaintiffs asserted claims under Louisiana state law, general maritime law, and the Jones Act.[85] On the motion to remand, the court held that general maritime claims are removable under the amendments to Section 1441, but the court deferred ruling on the request to sever and remand the Jones Act claims.[86]

Tidewater also contends that the plain language of Section 1441(c) supports its position because it asserts that the statute does not clearly require that the claim described in Section 1441(c)(1)(A) be a different claim from the one described in Section 1441(c)(1)(B).[87] Tidewater

---

[80] *Id.* (citing H.R. REP. 112-10 (2011), 2011 WL 484052 at *12).

[81] No. H13–1112, 2013 WL 3110322 (S.D. Tex. June 18, 2013).

[82] No. 13–477, 2013 WL 6092803, at *4–5 (M.D. La. Nov. 19, 2013).

[83] 2013 WL 3110322 at *1.

[84] *Id.*

[85] 2013 WL 6092803 at *1.

[86] *Id.* at *5.

[87] Rec. Doc. 8 at p. 21.

contends that Plaintiff's Jones Act claim can satisfy both (A) and (B).[88]

The Court finds Tidewater's arguments unpersuasive. As the Court stated in *Aarons*, the plain language of Section 1441(c)(1)(A) indicates that it applies only where a nonremovable claim is joined with a claim "arising under the Constitution, laws, or treaties of the United States," within the meaning of 28 U.S.C. § 1331. "Emphatically, claims in admiralty, whether designated *in rem* or *in personam*, do not fall within this category."[89] Here, Plaintiff has not alleged a claim that would give rise to federal question jurisdiction under Section 1331. Accordingly, even if Plaintiff's maritime claims are otherwise removable on the basis of admiralty jurisdiction, Tidewater cannot overcome the statutory bar to removal of the Jones Act claims.[90]

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Remand"[91] is **GRANTED**.

**NEW ORLEANS, LOUISIANA,** this 23rd day of November, 2015.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[88] *Id.*

[89] *Dutile*, 935 F.2d at 63 (citing *Romero v. International Terminal Operating Co.*, 358 U.S. 354, 378 (1959)).

[90] *See Freeman v. Phillips 66 Company*, Nos. 14-311, 14-624, 2014 WL 1379786 (E.D. La. Apr. 8, 2014) (Engelhardt, J.); *Rawls v. Phillips 66 Company*, No. 14-602, 2014 WL 2003104 (E.D. La. May 15, 2014) (Africk, J.).

[91] Rec. Doc. 6.

13